## MATHEWS v. WAYNE JUNCTION TRUST CO.

### (District Court, E. D. Pennsylvania. June 24, 1912.)

### No. 1,450.

CONTRACTS (§ 138*)—FRAUDULENT TRANSACTION—PROOF IN REBUTTAL—RELIEF.

A certificate of deposit and an ordinary collateral note being involved in a fraudulent transaction between a life insurance company and defendant trust company, plaintiff, as receiver of the insurance company, sued on the certificate, which, being innocent on its face, was sufficient to establish a prima facie case. Defendant thereupon put in evidence the ordinary collateral note, accompanied by a contract in writing, also regular and innocent on its face, which completely answered plaintiff's prima facie evidence, whereupon he was compelled in rebuttal to prove the fraudulent transaction. Held, that plaintiff could not recover without calling on the fraud for help, and hence relief would be denied.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 681–700; Dec. Dig. § 138.*]

At Law. Action by Charles H. Mathews, as receiver of the Union National Life Insurance Company, against the Wayne Junction Trust Company. On motion for new trial. Denied.

Alfred I. Phillips and Dimner Beeber, both of Philadelphia, Pa., for plaintiff.

J. W. Bayard and J. G. Johnson, both of Philadelphia, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. In harmony with the authorities, it is agreed by both parties that neither a plaintiff nor a defendant may found his case, either in whole or in part, upon a fraudulent transaction, although his antagonist may have participated therein. It is no doubt true that, although both may have joined in the fraud, a plaintiff may nevertheless recover if he is able to make out his case without calling upon the fraud for help; but he must fail if such help is indispensable. In the present dispute the plaintiff is receiver of the insurance company that was party to the fraud in question, and it is obvious I think that, although to some extent he may be the representative of creditors, he must accept the consequences of the undeniable fact that the company did participate in the fraudulent transaction. Whatever burden that fact imposes, he must of necessity bear; otherwise, his appointment would in effect transform the fraud into an innocent agreement, thus making a new contract between the company and the defendant. The case now under examination differs from

the situation usually presented only in the fact that the plaintiff did not encounter the need of disclosing the fraud until the rebuttal stage of the trial. He put in evidence the trust company's certificate of deposit, regular and innocent upon its face, and, having thus made out a prima facie case, awaited the defense. Thereupon the trust company put in evidence an ordinary collateral note, accompanied by a contract in writing, also regular and innocent upon its face, and these papers answered completely the plaintiff's prima facie evidence. Up to this point no fraud had appeared, and if the case had gone to the jury at that stage the plaintiff could not have recovered. He was therefore compelled to turn in rebuttal to the fraudulent transaction, and for the first time that transaction was brought into the controversy. I thought at the trial, and after argument and further reflection I still think, that the rule of law referred to bound the plaintiff as much at that stage of the cause as it would have bound him if he had offered to prove the fraud as part of his case in chief. A prima facie case had been presented, to which a complete prima facie defense had been interposed. In effect, therefore, the plaintiff was bound to begin again, and to show a new reason why he should be allowed to recover. But in order to show it he was compelled to disclose a fraud to which his principal and the defendant had both been parties, and this, as it seems to me, he could not be permitted to do. A court of justice will lend no aid to either party to such a transaction.

It may be added that the fraud did not succeed, and that the plaintiff's failure to recover will simply leave the parties where they were. The collateral deposited with the note has probably no value whatever; but, even if it has, the defendant may easily be compelled to surrender it to the plaintiff for the benefit of the insurance company or the creditors. It will no doubt be voluntarily handed over.

The motion is refused.